UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

    Plaintiff,            MEMORANDUM AND ORDER

    -against-             11-CV-4457 (JG) (LB)

THE STATE AND MUNICIPALITY OF N.Y.;
THE NYPD; D.O.C. AND COMMANDS; THE
DIVISION OF CRIMINAL JUSTICE SERVICES
–CHAUNCEY PARKER; THE FEDERAL AND STATE
DRUG ENFORCEMENT AGENCIES; THE MAYOR;
WARDEN DAVIS; P.O. BRISBAIN; NYPD OFFICER
#27111, All Defendants Held Accountable in Their
Individual Capacities, All Persons Known and Unknown
Within or Not Within Government Capacity, -White
Supremacist Et al,

    Defendants.
-------------------------------------------------------------------x
-------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

    Plaintiff,

    -against-             11-CV-4458 (JG) (LB)

COURTROOM PART 41; THE STATE AND
MUNICIPALITY OF N.Y.; THE NYPD;
D.O.C. AND COMMANDS; THE DIVISION OF
CRIMINAL JUSTICE SERVICES –CHAUNCEY
PARKER; THE FEDERAL AND STATE
DRUG ENFORCEMENT AGENCIES; THE MAYOR;
WARDEN DAVIS; All Defendants Held Accountable
in Their Individual Capacities, All Persons Known and
Unknown Within or Not Within Government Capacity,

    Defendants.
-------------------------------------------------------------------x

------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                    11-CV-4459 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW
YORK; ALL PERSONS WITHIN OR NOT WITHIN
THE GOVERNMENT; CALIFORNIA; LOS ANGELES;
THE STATE OF FLORIDA & CITY OF MIAMI,
KNOWN AND UNKNOWN, ET AL; DOMINANT
RACIAL OR ETHNICGROUP AGAINST A
SUBORDINATE GROUP,

        Defendants.
------------------------------------------------------------------x
------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                    11-CV-4460 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW
YORK; ALL PERSONS WITHIN OR NOT WITHIN
THE GOVERNMENT; CALIFORNIA; LOS ANGELES;
THE STATE OF FLORIDA & CITY OF MIAMI;
KNOWN AND UNKNOWN, ET AL.; MEMBER OF
DOMINANT RACIAL/ETHNIC GROUP AGAINST
A SUBORDINATE GROUP,

        Defendants.
------------------------------------------------------------------x

------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                        11-CV-4461 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW YORK; THE SICK MONSTERS – YOU!; ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT; CALIFORNIA; LOS ANGELES; THE STATE OF FLORIDA & CITY OF MIAMI, KNOWN AND UNKNOWN, ET AL.,

        Defendants.
------------------------------------------------------------------x
------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                        11-CV-4462 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW YORK; ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT; CALIFORNIA; LOS ANGELES; THE STATE OF FLORIDA & CITY OF MIAMI, KNOWN AND UNKNOWN, ET AL.; DOMINANT RACIAL OR ETHNIC GROUP AGAINST A SUBORDINATE GROUP,

        Defendants.
------------------------------------------------------------------x

------------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

         -against-                              11-CV-4463 (JG) (LB)

THE STATE OF NEW YORK; PENNSYLVANIA;
ALL STATE AND FEDERAL COURTS (for
violation of the 6th Amendment of the [R]ight to
represent oneself); ALL PERSONS WITHIN OR NOT
WITHIN THE GOVERNMENT; CALIFORNIA;
FLORIDA; DADE COUNTY; KNOWN AND
UNKNOWN "PRIVATE ACTORS" – "PRIVATE
INDIVIDUAL(S)" ET AL,

                Defendants.
------------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On September 12, 2011, plaintiff Ricardo Brooks Gamez filed these seven *pro se* actions pursuant to 42 U.S.C. § 1983. In each action, Gamez has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants Gamez's requests to proceed *in forma pauperis*, and consolidates these actions solely for the purpose of this Order.[1] For the reasons discussed below, Gamez's complaints are dismissed.

---

[1] The seven actions consolidated for purposes of this Order are: *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4457 (JG) (LB) ("*Gamez I*"); *Gamez v. Court Room Part 41*, No. 11-CV-4458 (JG) (LB) ("*Gamez II*"); *Gamez v. State of New York*, No. 11-CV-4459 (JG) (LB) ("*Gamez III*"); *Gamez v. State of New York*, No. 11-CV-4460 (JG) (LB) ("*Gamez IV*"); *Gamez v. State of New York*, No. 11-CV-4461 (JG) (LB) ("*Gamez V*"); *Gamez v. State of New York*, No. 11-CV-4462 (JG) (LB) ("*Gamez VI*"); and *Gamez v. State of New York*, No. 11-CV-4463 (JG) (LB) ("*Gamez VII*"). Gamez has numerous other actions pending in which he has also moved for *in forma pauperis status*. Those requests will be addressed in separate orders.

BACKGROUND

A.   *Procedural History*

Including the actions consolidated for purposes of this Order, Gamez has now commenced at least 38 actions in this Court, many of which have been dismissed as frivolous or duplicative.[2]  Recently, Gamez was ordered to show cause why he should not be enjoined from filing any future actions in this district without the Court's permission.  *See* Memorandum & Order To Show Cause, *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (E.D.N.Y.

---

[2]   *See Gamez v. Court Room 41*, No. 10-CV-5414 (JG) (LB) (pending § 1983 against Rikers Island Correctional Facility guards); *Gamez v. New York*, No. 11-CV-1918 (JG) (LB)  (dismissed by order dated May 4, 2011, as duplicative and frivolous); *Gamez v. State of New York*, No. 11-CV-1921 (JG) (LB)  (dismissed by order dated May 4, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2760 (JG) (LB)  (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2829 (JG) (LB) (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-3374 (BMC) (LB) (dismissed by order dated July 18, 2011, for failure to state a claim and as frivolous); *Gamez v. U.S. District Court*, No. 11-CV-4068 (KAM) (dismissed by order dated September 6, 2011, for failure to state a claim and as frivolous); *Gamez v. State of N.Y.*, No. 11-CV-4069 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4070 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4316 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4317 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4318 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4319 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4320 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. LAPD*, No. 11-CV-4678 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-4679 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-4681 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-5435 (JG) (LB) (filed Sept. 29, 2011); *Gamez v. Court Room 41*, No. 11-CV-5436 (JG) (LB) (filed Oct. 19, 2011); *Gamez v. State of New York*, No. 11-CV-5437 (filed Oct. 24, 2011); *Gamez v. State of New York*, No. 11-CV-5438 (JG) (LB) (filed Oct. 25, 2011); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-5439 (JG) (LB) (filed November 1, 2011); *Gamez v. Court Room 41*, No. 11-CV-6126 (JG) (LB) (filed Nov. 3, 2011); *Gamez v. State & Municipality of NY*, No. 11-CV-6127 (JG) (LB) (filed Nov. 4, 2011); *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. NY*, No. 11-CV-6129 (JG) (LB) (filed Nov. 8, 2011); *Gamez v. NYS Probation*, No. 11-CV-6130 (JG) (LB) (filed Nov. 8, 2011); *Gamez v. NYC DOC*, No. 11-CV-6131 (JG) (LB) (filed Nov. 29, 2011); *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. NY Probation Office*, No. 11-CV-6134 (JG) (LB) (filed Dec. 9, 2011); *Gamez v. U.S. District Courts Eastern & Southern Districts of N.Y.*, No. 11-CV-6274 (BMC) (LB) (filed December 16, 2011); *Gamez v. State of NY*, No. 11-CV-6275 (JG) (LB) (filed December 16, 2011).

Dec. 22, 2011); Memorandum & Order To Show Cause, *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (E.D.N.Y. Dec. 22, 2011).

B.  *The Present Complaints*

The seven complaints addressed in this Order contain virtually the same allegations Gamez has presented in his numerous other actions.[3] These allegations include:

- Rampant smoking and drug use at Rikers Island Correctional Facility. *See, e.g.*, Compl. ¶¶ II–III, *Gamez I*; Compl. ¶ 2, *Gamez II*.

- Theft of Gamez's property by police. *See* Compl. ¶ 1, *Gamez II*.

- Retaliation by prison guards for Gamez's filing of lawsuits. *See, e.g.*, Compl. ¶ IV, *Gamez I*; Compl. ¶¶ 3, 5–6, *Gamez II*.

- A broad governmental conspiracy to deprive Gamez of his civil rights, including acts or attempted acts of stalking, poisoning, theft, lynching and genocide. *See, e.g.*, Compl. ¶ V, *Gamez I*; Compl. ¶¶ 1, 4–26, *Gamez III*; Compl. ¶¶ 4–26, *Gamez IV*; Compl. ¶¶ 4–26, *Gamez V*. The incidents alleged in connection with this purported conspiracy include an unidentified "private actor" making "loud sucking noises," Compl. ¶ 23, *Gamez III*, an unnamed "tall white male" asking Gamez "do you have a light?," *id.* ¶ 24, Gamez's receipt of a piece of mail from an unknown sender in Japan, Compl. ¶ 5, *Gamez IV*, his receipt of food from an unnamed "white couple" on a bus in Miami, Florida, Compl. ¶ 10, *Gamez VII*, and a confrontation with an unnamed "brown female" who cut in front of Gamez in line at a Dunkin Donuts restaurant, *id.* ¶ 12.

DISCUSSION

A.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

---

[3] I note that the complaints in *Gamez I & II* are largely identical, as are the complaints in *Gamez III–VII*.

immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.  *Analysis*

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court held that a court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. *See id.* at 31–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant actions, Gamez once again alleges an elaborate conspiracy to deprive him of various constitutional rights. The bulk of Gamez's allegations, even under the very liberal standard applied to *pro se* pleadings, qualify as frivolous. *See Denton*, 504 U.S. at 33. The seemingly random and unconnected encounters with various unidentified persons that Gamez describes do not rationally support his claim of a conspiracy involving federal, state and local governments. Since the complaints are devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaints must be dismissed.

Moreover, as previously noted, the allegations in the instant complaints are largely duplicative of Gamez's prior complaints. To the extent Gamez has asserted any non-frivolous allegations, they are duplicative of those asserted in other pending or dismissed actions. Accordingly, his complaints are dismissed as duplicative. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *see also, e.g.*, *Gamez v. Court Room Part 41*, No. 10-CV-5414 (JG), 2011 WL 1698779 (E.D.N.Y. May 4, 2011) (dismissing

some of Gamez's claims while permitting other claims to proceed); *cf. Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (under the doctrine of *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action).

CONCLUSION

For the reasons above, the complaints in these actions are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 29, 2011
      Brooklyn, New York